## W. W. Molthrop v. The State.

### No. 1804. Decided May 22, 1912.

**Local Option—Sufficiency of the Evidence.**

Where, upon trial of selling intoxicating liquors in local option territory, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Lubbock. Tried below before the Hon. W. R. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Reeder & Dooley,* for appellant.—Cited Witherspoon v. State, 44 S. W. Rep., 1096; Newlan v. Aurora, 14 Ill., 364.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of selling intoxicating liquors in Lubbock County, and his punishment assessed at one years confinement in the penitentiary.

The only ground in the motion is that the evidence is insufficient in that "it failed to show a sale of intoxicating liquor to E. B. Penny prior to the 15th day of November, 1911 (date of filing indictment), and subsequent to the 15th day of July, 1910 (the date prohibition became effective in that county). After proving that prohibition was in effect in Lubbock County and went into effect on July 14, 1910, the State proved by Mr. Penny, that he resided in Lubbock County on the 15th of June, 1911, date of alleged sale in indictment. That he bought a pint of whisky from appellant, paying him one dollar for it. That the transaction took place on the train between Slaton and Lubbock, in the county of Lubbock. J. W. Baker testified he was on the train on June 15, 1911, and saw both appellant and Penny on the train. C. L. Fry testified he was on the train on June 15, 1911, and saw appellant and Penny on the train, and on that occasion he saw appellant deliver the bottle of whisky to Penny. That on this occasion he arrested appellant and found in one of his grips fourteen pints of whisky. W. H. Flynn testified that Penny gave him the whisky he purchased from appellant. It was branded "Maxwell whisky."

This sufficiently proved that the sale took place on June 15, 1911, and the judgment is affirmed.

*Affirmed.*